UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00088-BJB-HBB

**DIANNE FUQUA**                          **PLAINTIFF**

VS.

**PLAYTIKA LTD., et al.**                      **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is a motion by Plaintiff Dianne Fuqua for jurisdictional discovery (DN 30). Defendants Playtika, Ltd. and Playtika Holding Corp. ("Playtika") have collectively filed a response at DN 33 and Plaintiff has replied at DN 34.

### Nature of the Case

Playtika develops and publishes "play-for-fun mobile and web-based casino-themed social games" (DN 25, p. 2). Plaintiff filed the complaint against Playtika in federal court concerning a Kentucky gambling statute related to the social casino-themed games (DN 1). Plaintiff is a resident of Kentucky (*Id.* at p. 5). Playtika Ltd. is a foreign entity headquartered in Israel and Playtika Holding Corp. is incorporated in Delaware and operates its headquarters out of Nevada (*Id.* at pp. 5-6).

Playtika filed its motion to dismiss for lack of personal jurisdiction on January 31, 2025 (DN 25) to which Plaintiff now moves for additional discovery concerning Playtika's contacts with Kentucky (DN 30). Plaintiff seeks discovery of direct communications between Playtika and

individual customers in Kentucky via telephone, email, text message, and direct messaging through targeted ads inside their apps (*Id.* at p. 1).

## Applicable Law

As the Supreme Court explained, "it is familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). "District courts have the power to order the discovery of facts necessary to determine their jurisdiction over the merits." *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*, 722 F. App'x 870, 878 (11th Cir. 2018) (citation omitted). Jurisdictional discovery is not unlimited. "While courts should grant discovery when necessary for a plaintiff to establish his claim, a plaintiff may not engage in a fishing expedition untethered from the legal claims at issue." *Integrity Express Logistics, LLC v. Borstelmann*, No. 1:23-CV-166, 2023 U.S. Dist. LEXIS 188094, at *6 (S.D. Ohio Oct. 19, 2023) (citation omitted). Thus, discovery must relate to the jurisdictional inquiry and be proportional to the needs of the case. *Id.;* FED. R. CIV. P. 26.

## Discussion

Playtika focuses on the Court's discretionary power to grant discovery, but because Plaintiff has now moved for additional discovery, this argument is moot (DN 31, p. 9-10).[1] Playtika contends that Plaintiff's request for jurisdictional discovery is a fishing expedition based on speculation and "general and conclusory statements" (*Id.* at p. 10). Playtika believes that Plaintiff's assertion that common sense supports that Playtika likely has Kentucky customers in ongoing contracts through its games is insufficient to establish personal jurisdiction (*Id.*). Plaintiff need not show that discovery would likely lead to evidence that Playtika would be subject to personal jurisdiction, only that the discovery requested would lead to "facts necessary to determine

---

[1] Playtika incorporates its argument against discovery in their reply to its motion to dismiss for lack of personal jurisdiction (DN 33).

[the Court's] jurisdiction." *Integrity Express Logistics, LLC*, 2023 U.S. Dist. LEXIS 188094, at *9 (quoting *Aviation One of Fla., Inc.*, 722 F. App'x at 878). Similarly, Playtika's argument that Playtika targets Kentucky residents does not establish personal jurisdiction is best left to the District Court's determination of its motion to dismiss and not relevant to this discovery inquiry (DN 31, pp. 10-11).

Plaintiff alleges that Playtika "has significant additional contacts with Kentucky that are currently unknown but easily discoverable" direct communications to Kentucky customers (DN 30, p. 1). "[C]ourts are to provide assistance by allowing jurisdictional discovery unless their claims are 'clearly frivolous.'" *Mayfield Consumer Prods., LLC v. Int'l Grp.*, No. 5:23-CV-00101-BJB-LLK, 2025 U.S. Dist. LEXIS 38890, at *6 (W.D. Ky. Mar. 4, 2025) (citation omitted). Playtika admits that individuals in Kentucky play their games and made purchases through the games (DN 31, pp. 10-11). Plaintiff's claims are not clearly frivolous, as Playtika's contacts (or lack thereof) with Kentucky customers is relevant to determine personal jurisdiction. *See Hume v. Universal Music Grp., Inc.,* No. 3:24-CV-00746, 2024 U.S. Dist. LEXIS 220346 (M.D. Tenn. Dec. 5, 2024) (court granted discovery to determine which subsidiary had distributed the copyrighted material even though plaintiff could only identify that the named defendant was not the infringer); *but cf. Integrity Express Logistics, LLC*, 2023 U.S. Dist. LEXIS 188094, at *8-9 (court limited discovery to factual allegations rather than industry custom to avoid a fishing expedition). Therefore, Plaintiff may engage in discovery to resolve the jurisdictional question.

**WHEREFORE**, the motion of Plaintiff Dianne Fuqua for limited jurisdictional discovery, DN 30, is **GRANTED**.

H. Brent Brennenstuhl
United States Magistrate Judge

April 30, 2025

Copies: Counsel